UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ASHLEY L. JACOBSON,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.                                      Case No.:  2:23-cv-1164-SPC-KCD

ZEROED-IN TECHNOLOGIES,
LLC and DOLLAR TREE, INC.,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is the Class Action Complaint. (Doc. 1). "Plaintiff brings this class action complaint against Defendants for their failure to properly secure and safeguard Plaintiff's and other similarly situated employees' . . . sensitive information, including names, dates of birth, and Social Security numbers[.]" (Doc. 1 at 1). The Complaint, however, is a shotgun pleading.

Together, Federal Rules of Civil Procedure 8 and 10 lay out the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Fed. R. Civ. P. 10(b). Violations of these rules can create shotgun pleading problems. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). The problems largely being that shotgun pleadings do not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). They waste resources, broaden discovery, and ravage dockets. *Id.* Thus, when staring down the barrel of a shotgun complaint, courts should order repleading. *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing district court for not policing shotgun pleadings).

Here, the Complaint is a quintessential shotgun pleading because it asserts multiple claims against multiple defendants without specifying the claims against each one. *See Weiland*, 792 F.3d at 1323, 1324 n.17. Plaintiff sues two Defendants for a host of claims, but it's anybody's guess who did what. The Complaint thus does not give each Defendant "fair notice of the allegations" and the grounds of each claim. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins.*, 953 F.3d 707, 732-33 (11th Cir. 2020). The Court thus dismisses the Complaint but will give Plaintiff a chance to fix the deficiencies.

Accordingly, it is **ORDERED:**

1. The Class Action Complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiff must file an amended complaint on or before **December 22, 2023**. **Failure to do so may cause the Court to dismiss and close the case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on December 14, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record